D. John Ashby, ISB No. 7228
William K. Smith, ISB No. 9769
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5200
Email: jashby@hawleytroxell.com
          wsmith@hawleytroxell.com

Eric J. Janson*
Christine M. Costantino*
SEYFARTH SHAW LLP
975 F STREET, NW
Washington, DC 20004
Telephone:  (202) 463-2400
Email: ejanson@seyfarth.com
          ccostantino@seyfarth.com

*Pro Hac Vice Application Forthcoming

Attorneys For Petitioner
COSTCO WHOLESALE CORPORATION

U.S. COURTS

JUN 0 1 2020

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>        Petitioner,<br><br>vs.<br><br>ROMA DESIGNER JEWELRY LLC;<br>NATIONAL TRADESHOW LLC,<br><br>        Respondent. | Case No.<br><br>MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA DUCES TECUM<br><br>**[UNDERLYING CASE PENDING IN THE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND NORTHERN DIVISION]** |

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 1

## INTRODUCTION

Petitioner Costco Wholesale Corporation ("Costco"), through its counsel, Seyfarth Shaw

LLP, served subpoenas upon third-parties, Roma Designer Jewelry LLC ("Roma") and National

Tradeshow LLC ("National Tradeshow") (collectively, "the Respondents"), to produce

documents. Roma and National Tradeshow are Idaho entities and were served on March 27,

2020, via their respective registered agents - Dave and Becky Callister - in Eagle, Idaho.

Compliance was required by April 10, 2020. Both Respondents failed to respond or object to the

subpoenas. Mr. and Mrs. Callister also refused to respond to Costco's April 21, 2020 effort to

contact them regarding their non-compliance.

On or about May 6, 2020, shortly after Costco's counsel contacted Roma and National

Tradeshow regarding their failure to respond, Dave Callister, a manager-member of both LLCs

filed a Statement of Dissolution of Limited Liability Company for both entities, within minutes

of each other.[1] *See* Declaration of Christine M. Costantino ("Costantino Declaration"), Exhibits

1 and 2.

---

[1] Notably, despite "dissolving" Roma Designer Jewelry LLC as of May 6, 2020, the company's
website is still active, advertising Memorial Day sales, and posting on its Instagram and
Facebook pages as of, at least, May 27, 2020. https://www.facebook.com/romadesignerjewelry/
Thus, based on the continuing business operations, Respondents' failure to respond to Costco in
any manner and the close proximity in time between the dissolution and Costco's subpoena, this
conduct appears to be a purposeful attempt to evade the Respondents' obligations with respect to
the pending subpoenas (as well as avoidance of potential liabilities relating to the underlying
lawsuit for which Roma Designer Jewelry has, *inter alia*, a contractual obligation to indemnify
Costco).

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 2

Nonetheless, the dissolution of these entities does not impact the entities' (or the manager-members') obligations to (1) maintain the Company records requested by Costco in its subpoenas and (2) produce those documents in response to those subpoenas. *See e.g., In re Aldape Telford Glazier, Inc.*, 410 B.R. 60, 64 (Bankr. D. Idaho 2009) ("Upon dissolution, an LLC does not cease to exist. Rather, it continues to exist for the purpose of winding up its affairs."); *see also* Idaho Code Ann. § 30-25-702 ("A dissolved limited liability company shall wind up its activities and affairs and, except as otherwise provided in section 30-25-703, Idaho Code, the company continues after dissolution only for the purpose of winding up.") Therefore, pursuant to Fed. R. Civ. P. 45, Costco respectfully request that each Respondent be compelled to produce the requested documents.

## FACTUAL AND PROCEDURAL BACKGROUND

Underlying Litigation and Role of Respondents:   Roma, a company founded by Dave and Becky Callister, imports a line of jewelry which is sold on the internet, and, during the relevant period, was also sold on the premises of certain Costco warehouses throughout the country via temporary displays operated by Roma. [Civil Action No. 1:18-cv-03547-RDB, ECF No. 1 at ¶15, copy attached to Costantino Declaration as Exhibit 3.][2] Roma staffed these displays through its affiliated company, National Tradeshow LLC, also based in Idaho.[3]  *Id.* at ¶16.

---

[2] *See also* https://www.romadesignerjewelry.com/pages/about-roma-designer-jewelry (last accessed May 28, 2020)

[3] *See* Costantino Declaration, Exhibit 4 (Idaho Secretary of State filings for Roma and National Trade Show showing Dave Callister and Becky Callister as managing-members); *see also id.*, Exhibit 2 (showing dissolution of National Tradeshow LLC executed by "manager" Dave Callister).

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 3

Martin Zwanetz, a resident of Maryland, is a former employee and/or independent contractor of Roma and/or National Tradeshow and worked at these temporary displays within various Costco warehouses in the Mid-Atlantic region from 2014 to 2018. *Id.* at ¶17.

In 2018, Mr. Zwanetz filed a lawsuit against Costco, Roma and National Tradeshow in the United States District Court for the District of Maryland, Civil Action No. 1:18-cv-03547-RDB, alleging that the defendants were "joint employers" and that he was misclassified as an independent contractor and not paid overtime in violation of the Fair Labor Standards Act. *See,* Costantino Declaration, Exhibit 3, *passim.* Roma and National Tradeshow were served with process in that matter via their respective registered agents, Dave and Becky Callister, in Eagle, Idaho.[4] Mr. Zwanetz entered into a resolution with Roma and National Tradeshow and dismissed the 2018 litigation without prejudice on or about February 6, 2019. [Civil Action No. 1:18-cv-03547-RDB, ECF No. 11, copy of case docket attached to Costantino Declaration as Exhibit 5]

Mr. Zwanetz filed another lawsuit, against Costco only, in the United States District Court for the District of Maryland, Civil Action No. 1:19-cv-03491, on or about December 6, 2019. [Civil Action No. 1:19-cv-03491, ECF No. 1, copy attached to Costantino Declaration as Exhibit 6] Mr. Zwanetz's 2019 litigation again alleges violations of the Fair Labor Standards

---

[4] As Mr. Zwanetz noted in his Complaint in the 2018 litigation, neither Roma nor National Tradeshow were "registered to conduct business in the State of Maryland, despite having done so through the acts and omissions complained of herein, in contravention of Section 4A-1002 of the Corporations and Associations Article." [Costantino Declaration, Exhibit 3 at ¶¶3, 5.]

Act[5] based on the theory that Costco was a "joint employer" with Mr. Zwanetz's former

employer(s), "a vendor who imports a line of jewelry sold exclusively at Costco stores and on

the internet." *Id.* at ¶¶11, 31. In connection with his services for Roma and National Tradeshow,

the unnamed vendor(s), Mr. Zwanetz alleges that he worked at various Costco locations in, *inter*

*alia*, the state of Maryland for at least 223 days between 2016 and 2018. *Id.* at ¶¶12-13, 58-60.

As Zwanetz was solely "employed" by Roma and/or National Tradeshow, Costco does

not have any documents related to the terms of his relationship or employment with these

entities, such as offer letters, contracts, policies, time sheets, schedules, payroll and

compensation records, relevant written and electronic correspondence and/or other similar

documents critical to defending the 2019 litigation. As a result, Costco issued subpoenas to both

Roma Designer Jewelry and National Tradeshow LLC in connection with this litigation.

Because neither company is registered to do business in Maryland or has a registered agent in

Maryland, Costco was forced to serve these subpoenas on the registered agents for each

company in Idaho.[6]

---

[5] Mr. Zwanetz also alleges a retaliation claim based on the cessation of services to Costco by Roma (and by extension National Tradeshow) in or around December 2018. *See* Costantino Declaration, Exhibit 6, Count II.

[6] Prior to serving Roma and National Tradeshow via registered agent, counsel for Costco contacted the companies' attorney in the 2018 litigation, Merry Campbell, to see if she would accept service on their behalf. (*See* Costantino Declaration, Exhibit 7, March 27, 2020 Correspondence from E. Janson to M. Campbell.) Ms. Campbell advised that "Roma" would not authorize her to accept service. *Id.* Notably, Roma and National Tradeshow had agreed to accept service via Merry Campbell, if *Plaintiff* had served the subpoena. *See* Civil Action No. 1:19-cv-00835-RDM, ECF No. 9-1 at 6, ¶13, copy attached to Costantino Declaration as Exhibit 10. (Civil Action No. 1:19-cv-00835-RDM, in the United States District Court for the District of Columbia was filed seeking a declaratory judgment approving the settlement, including claims

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 5

Service of Subpoenas:  On March 27, 2020, both Roma Designer Jewelry and National

Tradeshow LLC were personally served with a Subponea Duces Tecum requesting the

production of documents.  (*See* Exhibit 8, Subpoena Duces Tecum to Roma Designer Jewelry

and Affidavit of Service for same; Exhibit 9, Subpoena Duces Tecum to National Tradeshow

LLC and Affidavit of Service for same.)  Both subpoenas required responsive documents to be

produced by April 10, 2020, and expressly stated that electronic production of documents via

electronic mail or facsimile was both acceptable and preferred.  *See* Costantino Declaration,

Exhibits 8 and 9 at Exhibit A, ¶8, ("**Production by electronic mail**

**(ccostantino@seyfarth.com) or facsimile (202) 641-9247 is acceptable and**

**preferred.**")(emphasis in original).  Costco's counsel received no objection or response to these

subpoenas.

On April 21, 2020, Costco's counsel sent correspondence via Federal Express to both

Dave Callister, registered agent for Roma Designer Jewelry LLC, and Becky Callister, registered

agent for National Tradeshow LLC, to the addresses identified for service of process.  (*See*

Costantino Declaration, Exhibit 11, April 22, 2020 delivery confirmation to Becky Callister,

registered agent, National Tradeshow LLC, 2873 W. Wind Drive, EAGLE, ID 83616 and  David

Callister, registered agent, Roma Designer Jewelry LLC, 2873 W. Wind Drive, EAGLE, ID

83616.)  The correspondence noted the Respondents' failure to comply or respond in any manner

to the subpoena and requested that they reach out to Costco's counsel regarding the status of

their response by April 28, 2020.  Additionally, it reiterated that "provision of the documents in

---

brought under the Fair Labor Standards Act, between Mr. Zwanetz and Roma and National
Tradeshow reached in the 2018 litigation originally brought in the District of Maryland.)

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 6

electronic format via email or facsimile is acceptable and preferred to minimize the costs of copying or delivery." To the extent electronic production was not practicable, Costco offered that "[w]e are also happy to provide you with a prepaid federal express label to eliminate delivery costs if hard copy production is preferred." (*See* Costantino Declaration, Exhibit 12, April 21, 2020 Correspondence to Roma Designer Jewelry, c/o Dave Callister; *Id.*, Exhibit 13, April 21, 2020 Correspondence to National Tradeshow LLC, c/o Becky Callister.)

To date, Costco has not received any response or objections (which are now waived) to these subpoenas, and therefore seek an Order to enforce the subpoena and compel compliance.

## ARGUMENT

Under Rule 45(a), a party may seek a subpoena commanding a third party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." *Wade v. City of Fruitland*, 287 F.R.D. 638, 640–41 (D. Idaho 2013) "A subpoena may command ... production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). However, Fed. R. Civ. P. 45(d)(2)(A) also provides that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial."

Here, consistent with the directive that a person need not appear to produce documents in response to a subpoena, Costco's subpoena to each Respondent explicitly stated "**[p]roduction by electronic mail (ccostantino@seyfarth.com) or facsimile (202) 641-9247 is acceptable**

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 7

**and preferred.**"(emphasis in original). Costco also took additional steps to minimize burden

and expense to the Respondents associated with complying with the subpoena, by offering a pre-

paid delivery option if hard copy production was easier or preferred. *See* Fed. R. Civ. P. 45(d)(1)

("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps

to avoid imposing undue burden or expense on a person subject to the subpoena.")[7]

To date, neither Respondent has objected to the subpoenas (or responded in any manner

whatsoever) and therefore, any purported basis for their non-compliance is unclear. Moreover,

all objections are now untimely, and thus waived.[8] *See* Fed. R. Civ. P. 45(d)(2)(B) ("The

objection must be served before the earlier of the time specified for compliance or 14 days after

---

[7] There are no circumstances which would have required the Respondents to travel any distance
to comply with the subpoenas. The ability to comply with a subpoena for the production of
documents without having to physically appear is often relied on in compelling compliance with
a subpoena *duces tecum. See, also, e.g., Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138
(D.D.C. 2009) ("Counsel's argument that the subpoena is invalid because it require[d the
subpoenaed party] to produce documents at a location well over the 100 mile limit ... also is
flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to
produce documents need not appear in person at the place of production or inspection." (internal
quotation marks omitted)); *Jett v. Penner*, No. S02-2036 GEBJFMP, 2007 WL 127790, at *2
(E.D. Cal. Jan. 12, 2007) (concluding that a subpoenaed party "is not excused from compliance
with the subpoena on the ground that" the requested records are "located more than 100 miles
from" the place they are to be produced, because the subpoenaed records could simply be mailed
or shipped).

[8] To the extent Respondents argue that they cannot be compelled to respond to the subpoena
based on the request to produce documents in Washington, D.C., they have waived any such
objection by failing to timely object to the "location" of production . *See Sol v. Whiting*, No.
CV-10-01061-PHX-SRB, 2014 WL 12526314, at *1-2 (D. Ariz. July 22, 2014) (enforcing
subpoena served on non-party in Phoenix, Arizona to produce documents to Atlanta, Georgia
location where party subject to the subpoena failed to timely object to subpoena) ("The Court
concludes that Mr. Haney has waived any objection to the subpoena duces tecum on timeliness
grounds and is ordered to produce responsive documents.").

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 8

the subpoena is served.")  Roma and National Tradeshow must be compelled to comply with the

subpoenas and provide responsive documents.

      DATED THIS 1ST day of June, 2020.

                  HAWLEY TROXELL ENNIS & HAWLEY LLP


                  By _/s/ *William K. Smith*_____
                      William K. Smith, ISB No. 9769
                      Attorneys For Petitioner
                      COSTCO WHOLESALE CORPORATION

MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA
DUCES TECUM - 9

41538.0002.12894014.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2020, I caused to be served a true copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SUBPOENA DUCES TECUM  by the method indicated below, and addressed to each of the following:

Roma Designer Jewelry LLC
c/o David Callister, as registered agent
2873 W. Wind Drive
Eagle, ID 83616-4693

☑ U.S. Mail, Postage Prepaid
☑ Hand Delivered
☐ Overnight Mail
☐ E-mail
☐ Facsimile


National Tradeshow LLC
c/o Becky Callister, as registered agent
2873 W. Wind Drive
Eagle, ID 83616-4693

☑ U.S. Mail, Postage Prepaid
☑ Hand Delivered
☐ Overnight Mail
☐ E-mail
☐ Facsimile


/s/ *William K. Smith*
William K. Smith

41538.0002.12894014.1