UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>   Petitioner,<br><br>vs.<br><br>ROMA DESIGNER JEWELRY LLC; NATIONAL TRADESHOW LLC,<br><br>   Respondents. | Case No. 1:20-mc-00152-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

Pending before the Court is Petitioner Costco Wholesale Corporation's ("Costco") Motion to Enforce Subpoena Duces Tecum. Dkt. 1. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT Costco's Motion to Motion to Enforce Subpoena.

## II.   BACKGROUND

This case concerns a third-party subpoena related to an underlying litigation held in another district.

Martin Zwanetz filed suit against Costco, Roma Designer Jewelry LLC ("Roma"),

and National Tradeshow LLC ("National Tradeshow") on November 11, 2018, in the United States District Court, District of Maryland, Civil Action No. 1:18-cv-03547-RDB. Dkt. 1-2, at 29. Roma sells jewelry on the internet but also, during the relevant period, sold jewelry in temporary displays on the premises of certain Costco warehouses. Roma operated the temporary displays and staffed them through its affiliated company, National Tradeshow LLC. Dave Callister is a registered agent for Roma and Becky Callister is a registered agent for National Tradeshow. Both Roma and National Tradeshow (collectively "Respondents") are Idaho entities.

Zwanetz alleged that the defendants in the 2018 litigation were "joint employers" who violated the Fair Labor Standards Act. He claims he was misclassified as an independent contractor and not paid overtime. Zwanetz entered into a resolution with Roma and National Tradeshow and dismissed the 2018 litigation without prejudice on or about February 7, 2019. Dkt. 1-1, at 4; *see also* Dkt. 1-2, at 30.

On December 6, 2019, Zwanetz filed another suit, solely against Costco, in the United States District Court, District of Maryland, Civil Action No. 1:19-cv-03491-JKB. Dkt. 1-2, at 32. In the 2019 litigation, Zwanetz again alleges violations of the Fair Labor Standards Act, based on the theory that Costco was a "joint employer" with his former employer(s), described vaguely as "a vendor who imports a line of jewelry sold exclusively at Costco stores and on the internet." *Id*. at ¶¶ 11, 31.

Costco issued subpoenas in the 2019 litigation to both Roma and National Tradeshow. As neither company is registered to do business or has a registered agent in Maryland, Costco served the subpoenas on registered agents for each company in Idaho on

March 27, 2020.

Both subpoenas required responsive documents to be produced by April 10, 2020. Respondents failed to comply with, or to respond to, either subpoena. On April 21, 2020, Costco sent Respondents' registered agents correspondence noting Respondents failure to comply or timely respond in any manner to their respective subpoena. It requested that Respondents' reach out to Costco's counsel regarding the status of their response by April 28, 2020.

On or about May 6, 2020, Dave Callister, as member-manager of both LLCs, filed a Statement of Dissolution of Limited Liability Company for both entities. Respondents never objected or responded to Costco's subpoenas. Hearing no response from Respondents, Costco filed the pending motion to enforce on June 1, 2020. Dkt. 1.

### III.   STANDARD OF LAW

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of the discovery that can be requested through a Rule 45 subpoena is the same as the scope under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

### IV.   DISCUSSION

Rule 45 requires that "[a] subpoena must issue from the court where the action is

MEMORANDUM DECISION AND ORDER-3

pending." Fed. R. Civ. P. 45(a)(2). However, the authority to decide a motion to compel arising out of that subpoena is vested with the court where compliance is required. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party *may move the court for the district where compliance is required* for an order compelling production or inspection." (emphasis added)); Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a party must be made in the court were the action is pending. *A motion for an order to a nonparty must be made in the court where discovery is or will be taken.*" (emphasis added)); Adv. Comm. Notes to 2013 Amend. to Rule 45 ("Subpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that *motions be made in the court in which compliance is required* under Rule 45(c)." (emphasis added)). In short, subpoenas are issued from the court where the action is pending; motion practice arising out of those subpoenas is decided by the court where compliance is required (unless that court transfers the dispute to the court where the action is pending).

Here, the subpoenas were issued from the United States District Court for the District of Maryland, where the action is pending. Dkt. 1-2, at 48, 56. The place of compliance is "within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or a party's officer[.]" Dkt. 45(c)(1)(B)(i). Because the Respondents are Idaho entities with registered agents in Idaho, this Court is authorized to decide whether compliance is required. The Court next turns to whether the documents requested concern a nonprivileged matter that is relevant to any party's claim

MEMORANDUM DECISION AND ORDER-4

or defense.

Costco asserts that because Zwanetz was employed solely by Roma and/or National Tradeshow, it lacks documentation concerning the terms of his relationship or employment. Costco's position is that its requested documentation, "such as offer letters, contracts, policies, time sheets, schedules, payroll and compensation records, relevant written and electronic correspondence and/or similar documents [are] critical to defending the 2019 litigation." Dkt. 1-1, at 5. Hence, the documents it subpoenaed are relevant to its defense against Zwanetz's Fair Labor Standards Act claim against Costco as his purported "joint employer." Costco also sought to reduce the burden on Respondents by encouraging electronic production and by offering a pre-paid delivery option if Respondents preferred a hard copy production. In doing so, Costco asserts that "[t]here are no circumstances which would have required the respondents to travel any distance to comply with the subpoenas." Dkt. 8, at n. 7.

In its response, Roma alleges that the "business was closed in December of 2019 and records and filed were purged. Some records may have been moved and place [sic] n storage." Dkt. 4, at 1. Roma asserts there is "no way to leave home or to find anyone to locate the requested documents if they even exist" due to stay at home orders relating to COVID-19. *Id*. Roma then proceeds to seemingly respond to Costco's subpoena, providing fifteen points as to where documents might be or if they exist. In sum, Roma provides four categories of answers: 1) that any personnel or payrolls, if they exist, are located in National Tradeshow's records; 2) Roma does not know if certain documents exists; 3) the documentation is also in Costco's files, so it is an undue burden for Roma to have to

MEMORANDUM DECISION AND ORDER-5

produce it; and 4) the documentation is privileged. National Tradeshow did not respond in any manner to Costco's motion to enforce subpoena.

In its reply, Costco contends that Roma has waived its right to object. Dkt. 5, at 2-3 (citing Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). Costco served Respondents on March 27, 2020. Dkt. 1-2, at 48, 56. Roma served its objections on June 18, 2020, well over 14 days after the subpoena was served and after the time required for compliance—April 10, 2020—had passed.

"Failure to serve timely objections waives *all* grounds for objection." *Schoonmaker v. City of Eureka*, No. 17-CV-06749-VC (RMI), 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018) (quoting *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)) (emphasis in original) (holding that respondent's "objections come far too late and no motion to quash the subpoena was ever filed by Defendant"). The Court finds Roma's failure to timely file objections constitutes a waiver.

If that were the end of it, the Court would simply order Respondents to comply with Rule 45, respond to the subpoenas, and produce all responsive documents without objections. However, approximately two weeks after Costco filed its reply, Roma filed a supplement to its response. In its supplement, Roma simply stated that, after "searching the place where the records are stored," Roma was "unable to locate any of the requested documents[.]" Dkt. 6. "There does not appear to be anything else that [Roma] can do to comply with the discovery request." *Id*.

Costco responded to Roma's supplement, arguing that the cursory response was

MEMORANDUM DECISION AND ORDER-6

insufficient. "Specifically, the response does not address the individual categories of documents requested and does not provide the parameters of the alleged searches[.]" Dkt. 7, at 2. Costco further observes that Roma is required to maintain many of the employment and business records it requested under state and federal law, as the statement of dissolution was not filed until May 6, 2020, after the subpoenas were served. Additionally, Roma appears to have searched only physical records, if it searched electronic records it does not so state.

The Court concurs with Costco's logic and finds Roma's supplement deficient; Roma has still not complied with the subpoena issued. The Court accordingly GRANTS Costco's motion. The Court cautions Respondents that a subpoena is a court order, and contempt proceedings are an appropriate avenue to obtain compliance. Fed. R. Civ. P. 45(e); *see also Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) ("If the deponent disobeys the subpoena, the district court can hold the deponent in contempt." (citing Fed. R. Civ. P. 45(g)).

IT IS HEREBY ORDERED:

1. The Motion to Enforce Subpoena Duces Tecum (Dkt. 1) is GRANTED.
2. Respondents are to respond to the subpoenas and produce all responsive documents without objections by **September 30, 2020 at 5:00 p.m.**

DATED: September 2, 2020

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER-7